UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF NEW YORK
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

R. ALEXANDER ACOSTA, Secretary of Labor, :
United States Department of Labor,           Civil Action No. 5:17-cv-1210 (LEK/ATB)
                                        :
           Plaintiff,
      v.                                :

                                        :     **COMPLAINT**

SYRACUSE RUSTPROOFING, INC., dba
ZIEBART OF SYRACUSE; ALBANY             :
RUSTPROOFING, INC., dba ZIEBART OF
ALBANY; RICHARD C. LESTER, individually; :
and AMBER STODDARD, individually,

                                        :
           Defendants.

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

Plaintiff R. Alexander Acosta, Secretary of Labor, U.S. Department of Labor (the "Secretary"), by and through undersigned counsel, brings this action under sections 16 and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (the "Act" or the "FLSA"), alleging that defendants violated sections 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Act, in order to recover back wages and liquidated damages, enjoin acts and practices which violate the provisions of the Act, and obtain other appropriate relief.

Defendants, who operate four auto detailing shops in upstate New York, violated the FLSA by engaging in several practices to avoid paying overtime compensation to employees who regularly worked more than 40 hours a week and then, when the U.S. Department of Labor began its investigation, demoted and then terminated an employee who they believed complained to the Department.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

1

2. Venue is proper in the United States District Court for the Northern District of New York because a substantial part of the events and/or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

### The Parties

3. Plaintiff R. ALEXANDER ACOSTA, Secretary of Labor, U.S. Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages and is the proper plaintiff for this action.

4. Defendant SYRACUSE RUSTPROOFING, INC is a corporation organized under the laws of the state of New York, having its process address at 980 Hiawatha Boulevard West, Syracuse, New York 13204 and its places of business at 980 Hiawatha Boulevard West, Syracuse, New York 13204 ("Hiawatha Shop"), 1335 Erie Boulevard West, Syracuse, New York 13204 ("Erie Shop"), and 617 South Bay Road, Cicero, New York 13039 ("Cicero Shop") (collectively, the "Shops"), within the jurisdiction of this Court, where it is engaged in the business of providing auto detailing services.

5. Defendant ALBANY RUSTPROOFING, INC. is a corporation organized under the laws of the state of New York, having its process address and principal place of business at 1114 Central Avenue, Albany, New York 12205, within the jurisdiction of this Court, where it is engaged in the business of providing auto detailing services.

6. Each of the defendant businesses referenced in paragraphs 4 and 5 (collectively, the "corporate defendants") has regulated the employment of all persons employed by it, acted directly and indirectly in its interest in relation to the employees, and thus, each entity is an employer of its employees within the meaning of section 3(d) of the Act.

7. Defendant RICHARD C. LESTER is the chief executive officer and sole owner of SYRACUSE RUSTPROOFING, INC.

8. Defendant Lester is a partial owner of ALBANY RUSTPROOFING, INC.

9. Defendant Lester is in active control and management of SYRACUSE RUSTPROOFING, INC. and ALBANY RUSTPROOFING, INC.

10. Defendant Lester regulates the employment of all persons employed by him at the Shops.

11. Defendant Lester has the authority to hire employees at the Shops.

12. Defendant Lester does hire employees at the Shops.

13. Defendant Lester has the authority to fire employees at the Shops.

14. Defendant Lester does fire employees at the Shops.

15. Defendant Lester has the authority to supervise employees at the Shops.

16. Defendant Lester does supervise employees at the Shops.

17. Defendant Lester has the authority to control employees' work schedules at the Shops.

18. Defendant Lester does control employees' work schedules at the Shops.

19. Defendant Lester has the authority to determine employee compensation at the Shops.

20. Defendant Lester does determine employee compensation at the Shops.

21. Defendant Lester acts directly and indirectly in the interest of SYRACUSE RUSTPROOFING, INC. and ALBANY RUSTPROOFING, INC. in relation to their employees and thus is an employer of those employees within the meaning of section 3(d) of the Act.

22. Defendant AMBER STODDARD is the Managing Partner and a partial owner of

ALBANY RUSTPROOFING, INC.

23. Defendant Stoddard is in active control and management of ALBANY RUSTPROOFING, INC.

24. Defendant Stoddard regulates the employment of all persons employed by her at Albany Rustproofing, Inc.

25. Defendant Stoddard has the authority to hire employees at Albany Rustproofing, Inc.

26. Defendant Stoddard does hire employees at Albany Rustproofing, Inc.

27. Defendant Stoddard has the authority to fire employees at Albany Rustproofing, Inc.

28. Defendant Stoddard does fire employees at Albany Rustproofing, Inc.

29. Defendant Stoddard has the authority to supervise employees at Albany Rustproofing, Inc.

30. Defendant Stoddard does supervise employees at Albany Rustproofing, Inc.

31. Defendant Stoddard has the authority to control employees' work schedules at Albany Rustproofing, Inc.

32. Defendant Stoddard does control employees' work schedules at Albany Rustproofing, Inc.

33. Defendant Stoddard has the authority to determine employee compensation at Albany Rustproofing, Inc.

34. Defendant Stoddard does determine employee compensation at Albany Rustproofing, Inc.

35. Defendant Stoddard acts directly and indirectly in the interest of ALBANY

RUSTPROOFING, INC. in relation to its employees and thus is an employer of those employees within the meaning of section 3(d) of the Act.

## Defendants are an Enterprise Engaged in Commerce

36. The business activities of the corporate defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the Act.

37. The corporate defendants have common and centralized ownership by individual defendant Lester.

38. The corporate defendants do business under the tradename "Ziebart" and share the same website, www.ziebart.com.

39. The corporate defendants shared the same chief financial officer ("CFO") and bookkeeper.

40. The corporate defendants share the same payroll company.

41. The corporate defendants share at least one of the same suppliers.

42. On its 2016 federal income tax return, Albany Rustproofing, Inc. listed the Syracuse Rustproofing, Inc. Hiawatha Shop as its address.

43. At least two of defendants' employees transferred from Syracuse Rustproofing Inc. to Albany Rustproofing, Inc.

44. At least one of defendants' employees worked for both of the corporate defendants simultaneously.

45. Syracuse Rustproofing, Inc. has had an annual gross volume of sales made of business done in an amount not less than $500,000 for the period covered by this Complaint.

46. Albany Rustproofing, Inc. has had an annual gross volume of sales made of

business done in an amount not less than $500,000 for the period covered by this Complaint.

47. The corporate defendants have employees handling and using goods or materials that have been moved in or produced for commerce, such as paint and protection film.

48. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(a) of the Act.

### Defendants' Pay Practices

49. Defendants employ employees as car detailers, car washers, car tinters, rust proofers, technicians, sales consultants, trainers, foremen, and managers.

50. During the period covered by this Complaint, many of defendants' employees worked between 43 to 53 hours per week.

51. The employees typically worked five days per week, Monday through Friday, and sometimes on Saturdays.

*Improper Lunch Break Deductions*

52. Defendants Syracuse Rustproofing, Inc. and Lester deducted a thirty-minute lunch break from their hourly employees' work hours each day.

53. However, many employees worked through their lunch breaks and did not receive at least twenty-minutes of uninterrupted break time.

54. Many employees typically worked through their lunch breaks approximately three times per week.

55. Defendants Syracuse Rustproofing, Inc. and Lester did not compensate their hourly employees for time spent working through their lunch breaks.

56. As a result, many of Defendants' hourly employees had unpaid overtime hours each week.

*Misclassification of Sales Consultants*

57. Defendants paid their sales consultants a base wage plus commissions.

58. Defendants improperly misclassified 12 sales consultants as exempt from the Act's overtime pay requirements under section 7(i) of the Act.

59. Defendants did not pay any overtime premiums to these employees when they worked in excess of 40 hours per week.

60. These sales consultants did not meet the requirements of section 7(i) of the Act because they did not earn more than half of their compensation on a commission basis during a representative period as prescribed by the regulations issued and found at 29 C.F.R. § 779.412.

61. During the investigation of this matter, defendants identified one month as their representative period for the purposes of the 7(i) exemption.

62. Defendants' records reflect that in many months these sales consultants did not earn more than half of their compensation on a commission basis.

63. For example, for the period of March 2017, one of the misclassified employees was paid a total of $2,014: $1,560 in wages and only $454 in commissions. Therefore, this employee was not exempt from receiving overtime pay in March 2017.

64. Another of the misclassified employees was paid a total of $8,508.98 for the representative period of July 2016: $6,779.49 in wages and only $1,729.49 in commissions. Therefore, this employee was not exempt from receiving overtime pay in July 2016.

65. Additionally, these employees' regular rates of pay did not always exceed one and one-half times the applicable minimum wage, or $10.88 per hour.

66. For example, during three weeks in July 2016, one of the misclassified employees was paid at a regular rate of $10 per hour.

67. Thus, these sales consultants did not meet the commission requirements of section 7(i) of the Act.

*Misclassification of Managers and Foremen*

68. Defendants Syracuse Rustproofing, Inc. and Lester paid their managers and foremen a purported "salary" plus commissions and/or bonuses.

69. In fact, Defendants Syracuse Rustproofing, Inc. and Lester did not pay these managers and foremen on a salary basis.

70. Defendants Syracuse Rustproofing, Inc. and Lester improperly misclassified at least 12 managers/foremen as "executive" employees exempt from the Act's overtime pay requirements under section 13(a)(1) of the Act.

71. Defendants Syracuse Rustproofing, Inc. and Lester did not pay any overtime premiums to these employees when they worked in excess of 40 hours per week.

72. These managers and foremen did not meet the requirements of section 13(a)(1) of the Act because defendants Syracuse Rustproofing, Inc. and Lester did not pay them on a salary basis as prescribed by the regulations issued and found at 29 C.F.R. § 541.602.

73. Rather, defendants Syracuse Rustproofing, Inc. and Lester consistently paid these employees more when they worked longer hours and less when they worked fewer hours.

74. Additionally, defendants Syracuse Rustproofing, Inc. and Lester deducted these employees' pay for partial day absences.

75. For example, for the workweek ending November 19, 2016, a misclassified employee worked for 44.50 hours and was paid a "salary" of $400 (excluding commissions/bonuses).

76. The next week, workweek ending November 26, 2016, the employee worked for

27.75 hours and was paid a "salary" of $240 (excluding commissions/bonuses).

77. The next week, workweek ending December 3, 2016, the employee worked for 37.25 hours and was paid a "salary" of $320 (excluding commissions/bonuses).

78. As another example, for the workweek ending March 26, 2016, another misclassified employee worked 46.25 hours and was paid a "salary" of $750 (excluding commissions/bonuses).

79. The next week, workweek ending April 2, 2016, the employee worked for 35 hours and was paid a "salary" of $600 (excluding commissions/bonuses).

80. Thus, these managers and foremen did not meet the salary basis requirements of section 13(a)(1) of the Act.

81. Additionally, defendants Albany Rustproofing, Inc. and Stoddard improperly misclassified at least one trainer as an "executive" employee exempt from the Act's overtime pay requirements under section 13(a)(1) of the Act.

82. This employee did not meet the primary duty requirements of section 13(a)(1) of the Act because his primary duty was not the management of an enterprise, as prescribed by the regulations issued and found at 29 C.F.R. § 541.100.

83. Defendants Albany Rustproofing, Inc. and Stoddard did not pay any overtime premiums to this employee when he worked in excess of 40 hours per week.

84. This employee did not have the authority to hire.

85. This employee did not have the authority to fire.

86. This employee did not have the authority to recommend hiring.

87. This employee did not have the authority to recommend firing.

88. This employee did not have the authority to control employees' work schedules.

89. This employee did not supervise any employees.

90. Thus, this employee did not meet the primary duty requirements of section 13(a)(1) of the Act.

### Defendants' Recordkeeping Practices

91. Defendants' hourly employees punched in when they started working and punched out when they stopped working.

92. Defendants' hourly employees also punched out when they started their lunch breaks and punched back in when they finished their lunch breaks, or it was otherwise noted on their timecards when they worked through their lunch breaks.

93. At the end of the week, the time cards were submitted to the corporate defendants' Chief Financial Officer ("CFO"), who then prepared defendants' weekly payroll.

94. In preparing the weekly payroll, the CFO failed to include as hours worked the time that employees spent working through their lunch breaks.

95. As a result, defendants failed to keep accurate records of their employees' total hours worked each workweek.

96. Thus, defendants did not maintain and preserve adequate and accurate records of their employees' wages and hours as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

### Defendants' Retaliatory Conduct

97. Defendants employed James Toole at the Cicero and Hiawatha Shops for approximately three years, from 2014 through April 7, 2017, except for a few months in 2015.

98. At the outset of his employment, Mr. Toole worked as a detailer.

99. Approximately one month later, Mr. Toole was promoted to a foreman position

and received a raise.

100. On April 3, 2017, the Wage and Hour Investigator assigned to this matter sent a letter to defendant Lester informing him that Syracuse Rustproofing, Inc. was under investigation and that, as part of the investigation, the Investigator would be visiting the Hiawatha Shop on April 7, 2017 to interview employees.

101. On April 6, 2017, Derrick Ryder, General Manager of Syracuse Rustproofing, Inc., and David Lester, the son of defendant Lester and Vice President of Syracuse Rustproofing, Inc., met with Mr. Toole.

102. David Lester, though not a named defendant, is an agent of Syracuse Rustproofing, Inc.

103. During that meeting, David Lester stated that he believed that Mr. Toole complained to the U.S. Department of Labor or caused a complaint to be filed with the U.S. Department of Labor.

104. David Lester told Mr. Toole that he would be fired if he did not accept a demotion to the position of detailer.

105. David Lester told Mr. Toole that he had until the next day, April 7, 2017, to decide whether to accept this "offer."

106. On April 7, 2017, Mr. Toole reported to work at the Hiawatha Shop.

107. Mr. Ryder told Mr. Toole to leave the Hiawatha Shop and go work in the Cicero Shop for the rest of the day.

108. Mr. Toole followed Mr. Ryder's instructions.

109. Later that day, at the Cicero Shop, Mr. Ryder asked Mr. Toole whether he was going to accept the demotion "offer."

110. As Mr. Toole told Mr. Ryder that he would accept the demotion "offer," David Lester approached them and told them that he was rescinding the demotion "offer" and that Mr. Toole was fired.

111. David Lester then stated, in sum and substance, that he was firing Mr. Toole because of the Department of Labor investigation.

## FIRST CAUSE OF ACTION
### Violation of Sections 7(a) and 15(a)(2) of the FLSA, Failure to Pay Overtime

112. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 111 of this Complaint.

113. Defendants have violated the provisions of sections 7 and 15(a)(2) of the Act by employing employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer than forty hours without compensating the employees at one and one-half times their regular rates for their employment in excess of forty hours per week.

114. Therefore, defendants are liable for unpaid overtime compensation and an equal amount in liquidated damages under section 16(c) of the Act, or in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest under section 17 of the Act.

## SECOND CAUSE OF ACTION
### Violation of Section 15(a)(3) of the FLSA, Retaliation

115. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 111 of this Complaint.

116. Defendants believed that Mr. Toole complained to the U.S. Department of Labor or caused a complaint to be filed with the U.S. Department of Labor.

117. On April 6, 2017, three days after defendants became aware of the investigation,

and one day before the Wage and Hour Investigator was scheduled to visit the Hiawatha Shop, defendants demoted Mr. Toole.

118.    On April 7, 2017, the day that the Wage and Hour Investigator visited the Hiawatha Shop, defendants terminated Mr. Toole.

119.    Defendants have violated the provisions of 15(a)(3) of the Act by demoting and then discharging Mr. Toole because they believed he filed a complaint or caused a complaint to be filed or instituted or caused to be instituted a proceeding under or related to this Act.

120.    Therefore, defendants are liable for back wages lost and an equal amount of liquidated damages, compensatory damages, punitive damages, and other equitable relief as may be appropriate under Sections 16 and 17 of the Act.

### THIRD CAUSE OF ACTION
### Violation of Sections 11(c) and 15(a)(5) of the FLSA, Recordkeeping

121.    The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 111 of this Complaint.

122.    Defendants' hourly employees regularly worked through their thirty minute lunch breaks, but defendants did not record those hours worked on their weekly payroll records.

123.    Defendants violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that defendants failed to make, keep, and preserve adequate and accurate records as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

**WHEREFORE**, cause having been shown, plaintiff respectfully prays for judgment against defendants providing the following relief:

1. An injunction issued pursuant to section 17 of the Act permanently restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from violating the provisions of sections 7, 11(c), 15(a)(2),

15(a)(3), and 15(a)(5) of the Act;

2. An order pursuant to section 16(c) of the Act finding defendants liable for unpaid overtime compensation found due defendants' employees listed on attached Exhibit A;

3. An order pursuant to section 16(c) of the Act finding defendants liable for an equal amount of liquidated damages; or in the event liquidated damages are not awarded, prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

4. An order pursuant to Section 17 of the Act for back wages lost, an equal amount of liquidated damages, compensatory damages, punitive damages and all other appropriate legal or equitable relief as may be necessary and appropriate for violations of Section 15(a)(3) of the Act.

5. An order compelling defendants to reimburse the Secretary for the costs of this action; and

6. An order granting such other relief as the Court may deem necessary or appropriate.

DATED:    November 1, 2017
          New York, New York

                                       NICHOLAS C. GEALE
                                       Acting Solicitor of Labor

                                       JEFFREY S. ROGOFF
                                       Regional Solicitor

                                       **s/ Judith Marblestone**
                                       Judith Marblestone Bar Number: 515352
                                       Attorney for Plaintiff
                                       U.S. Department of Labor
                                       Office of the Solicitor
                                       201 Varick Street, Room 983
                                       New York, New York 10014
                                       Tel: 646-264-3678
                                       Fax: 646-264-3660
                                       E-mail: marblestone.judith@dol.gov
                                                                       ny-sol-ecf@dol.gov

**EXHIBIT A**

**Syracuse Rustproofing, Inc. - Hiawatha Shop**
Abert, Nicholas
Belloma, Michelle
Carter, Jeffrey
Connelly, Jakob
D'Ambra, John
Galler, Joseph
Giannuzzi, Michele
Goodson, Kassidy
Guralny, John
Klee, Megan
Lambert, Benjamin
Lamberty, Emanuel
Lewis, Othello
Mantock, Precious
Muscatell, Matthew
Noeller, Jonathan
O'Connor, Laury
Pfeifer, Renee
Ryder, Derrick
Schenck, Fredrick
Schwarz, Michael
Smith, Stephanie
Thaler, Cornelia
Toole, Misty
Vazquez, Angel Rafael
Wells, Benjamin
Wilkens, Joseph
Yackel, Martin

**Syracuse Rustproofing, Inc. - Erie Shop**
Brown, Scott
Haskins, Guy
Lamberty, Angel
Myers, Jack

**Syracuse Rustproofing, Inc. - Cicero Shop**
Burton, Karraie
Gary III, Charles

Martin, Leon
Rigano, Nickolas
Toole, James

### **Albany Rustproofing, Inc.**

Noeller, Jonathan
Todd, Lori